**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
Richmond Division

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MICHAEL WIGGINS | ) | Case No. 20−34740−KLP |
| BERYL MUHAMMAD WIGGINS | ) | Chapter 7 |
| | ) | |
| Debtors | ) | |

## NOTICE OF MOTION TO EXTEND THE AUTOMATIC STAY AND HEARING

The above-named Debtors, by counsel, have filed a Motion to Extend the Automatic Stay with the Court pursuant to 11 U.S.C. § 362(c)(3)(B). <u>Your rights may be affected</u>. You should read these papers carefully and discuss them with your attorney, if you have one.

**NOTICE IS HEREBY GIVEN THAT A HEARING ON THIS MOTION WILL BE HELD ON December 22, 2020 at 12:00 p.m. in the Honorable Keith L. Phillips' Courtroom, U.S. Bankruptcy Court, 701 E. Broad Street, Room 5100, Richmond, VA 23219.**

If you want to be heard on this matter, then no later than three (3) days before the date of the hearing, you or your attorney must:

1. File with the court, at the address below, a written response pursuant to Local Rule 9013-1(H). If you mail your response to the Court for filing, you must mail it early enough so that the Court will **receive** it on or before the date stated above.

        Clerk of Court
        United States Bankruptcy Court
        701 E. Broad Street, Room 4000
        Richmond, VA 23219-3515

2. You must also mail a copy to:

        James E. Kane, Esquire
        Kane & Papa, PC
        P.O. Box 508
        Richmond, VA  23218

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an Order granting that relief.

James E. Kane (VSB# 30081)
KANE & PAPA, P.C.
P. O. Box 508
Richmond, Virginia 23218-0508
Telephone (804) 225-9500
*Counsel for Debtors*

Respectfully submitted,

MICHAEL WIGGINS
BERYL MUHAMMAD WIGGINS

/s/ James E. Kane
James E. Kane (VSB# 30081)
Kane & Papa, P.C.
P. O. Box 508
Richmond, Virginia 23218-0508
Telephone (804) 225-9500
Counsel for Debtors

## CERTIFICATE OF SERVICE

I certify that on December 9, 2020, I have transmitted a true copy of the foregoing document electronically through the Court's CM/ECF system or by mail to the Debtors, Chapter 7 trustee, the United States trustee if other than by the electronic means provided for at Local Bankruptcy Rule 2002-1, all attorneys appearing in the previous case as listed below, and to all creditors and parties in interest of the mailing matrix attached hereto.

/s/ James E. Kane
Counsel for Debtors

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Richmond Division

| | |
|---|---|
| IN RE: ) | |
| ) | |
| MICHAEL WIGGINS ) | Case No. 20−34740−KLP |
| BERYL MUHAMMAD WIGGINS ) | Chapter 7 |
| ) | |
| Debtors ) | |

### MOTION TO EXTEND AUTOMATIC STAY AND MEMORANDUM IN SUPPORT

COME NOW, MICHAEL WIGGINS AND BERYL MUHAMMAD WIGGINS (the "Debtors"), by counsel, pursuant to 11 U.S.C. § 362(c)(3)(B) and file the following Motion to Extend Automatic Stay and Memorandum in Support Thereof, and affirmatively state as follows:

### Jurisdiction

1. Jurisdiction of this Court over the instant matter is based upon 28 U.S.C. §§ 1334 and 157 in that this action arises in and relates to the bankruptcy case of the Debtors.

2. This proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (K), and (O).

3. Venue is proper pursuant to 28 U.S.C. § 1409.

### Background Facts

4. On December 2, 2020 (hereinafter the "Petition Date"), the Debtors filed a petition for relief under Chapter 7 of the Bankruptcy Code (the "instant case").

5. Within the year prior to filing the instant case, Debtors have been debtors in one (1) pending Chapter 13 bankruptcy case (the "previous case"). The previous case was a Chapter 13 bankruptcy case filed on August 3, 2018 and dismissed on or about April 15, 2020 (Case No. 18-

33969) (the "previous case"). In addition, Mr. Wiggins has been a debtor in a Chapter 7 case filed on October 31, 2011 wherein he received a discharge on February 8, 2012 (Case No. 11-36912).

6. The previous case was dismissed by the Debtors via a Motion to Voluntarily Dismiss case as they were delinquent in their payments to the Chapter 13 Trustee and unable to cure the same or to sustain a Chapter 13 Plan payment.

## Discussion

7. Because the instant case was commenced within one (1) year of the dismissal of the prior case, the automatic stay in the instant case will expire "with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease . . . " unless the Court extends the automatic stay. 11 U.S.C. § 362(c)(3)(A) and (B).

8. Pursuant to 11 U.S.C. § 362(c)(3)(B), Debtors must demonstrate to the Court that the instant case was filed in good faith in order to obtain an extension of the automatic stay.

9. If the Court finds grounds for presuming the instant case was filed "not in good faith," § 362(c)(3)(C) would impose a burden on Debtors to overcome such presumption and prove good faith by clear and convincing evidence. If, however, the Court finds no grounds for presuming the instant case was filed "not in good faith," Debtors must merely prove good faith by a preponderance of the evidence. In re Havner, 336 B.R. 98, 103 (Bankr. M.D.N.C. 2006); In re Ball, 336 B.R. 268, 273 (Bankr. M.D.N.C. 2006).

10. Within the context of motions to continue the automatic stay pursuant to § 362(c)(3), In re Chaney, 362 B.R. 690, 694 (Bankr. E.D. Va. 2007), instructs that the term "good faith" was defined judicially in the Fourth Circuit by Deans v. O'Donnell, 692 F.2d 968, 972 (4th Cir. 1982), further refined by Neufeld v. Freeman, 794 F.2d 149, 152 (4th Cir. 1986), and left unchanged by Congress when it created § 362(c)(3). Chaney at 694.

11. Pursuant to Neufeld v. Freeman, good faith determinations require courts to consider, *inter alia*, "the debtor's financial situation, the debtor's employment history and prospects, the nature and amount of unsecured claims, the debtor's past bankruptcy filings, the debtor's honesty in representing facts, and any unusual or exceptional problems facing the particular debtor." Id. at 152, *citing* Deans v. O'Donnell, 692 F.2d at 972.

12. In order to apply the Fourth Circuit's definition of good faith in determining whether the automatic stay should be extended pursuant to § 362(c)(3), "the court must be satisfied that the plan in the new case will succeed where the plan in the prior case did not. Usually this will require a finding that some change in the financial or personal affairs of the debtor has occurred that will allow the debtor to perform under the terms of the plan in the new case. But the inquiry does not end there. The court needs to determine that the repetitive filing does not violate the spirit of the Bankruptcy Code. The new case must not be a ploy to frustrate creditors." Chaney at 694.

**Argument**

13. In the case *sub judice* there is a presumption that the instant case was filed "not in good faith" as to all creditors. Therefore, Debtors must prove by clear and convincing evidence that the instant case was filed in good faith.

14. In the instant case, the Debtors have acted in good faith, and Debtors request that the Court grant an extension of the automatic stay as to all creditors, as to Debtors and their property, and as to the property of the estate for the duration of the instant case. In support thereof, Debtors submits an Affidavit, which is attached hereto as Exhibit "1" and incorporated herein by this reference.

15. Applying the Neufeld factors to Debtors' circumstances and to this case leads to the following conclusions:

5

  a. *Debtor's financial situation and employment history and prospects* – Mr. Wiggins is a machine operator at International Paper where he has worked for 1 year. Mrs. Wiggins is a cook at the Dinwiddie Health and Rehab Center where she has worked for 3 years. Application of this factor favors a finding of good faith.

  b. *Nature and amount of unsecured claims* – Debtors' non-priority unsecured debts are estimated to be approximately $55,919.00. Debtors have not incurred any unsecured debt for luxury goods or services or any unsecured debt due to revolving credit accounts or pay day loans within the 90 days prior to filing the instant case. Application of this factor favors a finding of good faith.

  c. *Debtors' past bankruptcy filings* - The instant Motion is required due to the fact that the Debtors' previous case that was dismissed within one (1) year of the Filing Date hereof. The Affidavit attached hereto as Exhibit "1" describes fully the reasons that the previous case was dismissed. Debtors incorporate such explanation herein by this reference. Debtors' hardships do not indicate an abuse of the bankruptcy system; rather, they indicate an honest but thus far unsuccessful attempt to financially reorganize. Application of this factor favors a finding of good faith.

  d. *Debtors' honesty in representing facts* – Debtors have fully disclosed all assets, liabilities, and pertinent information regarding personal and financial affairs and are prepared to cooperate fully with the Chapter 7 Trustee. Application of this factor favors a finding of good faith.

  e. *Any unusual or exceptional problems facing the particular debtors* – There are no unusual or exceptional problems facing Debtors. Application of this factor favors a finding of good faith.

16. Debtors assert that the instant case does not "violate the spirit of the Bankruptcy Code" and it is not "a ploy to frustrate creditors". *See* Chaney at 694. In support hereof, the Debtors assert the following additional arguments:

   a. *The timing of the petition* – Between the dismissal of the previous case and the instant case, Debtors did not act in a manner so as to purposely delay payment of debts and did not delay in filing the instant case so as to intentionally frustrate creditors. Debtors' actions in this regard indicate an intent to use the bankruptcy system to resolve debts in an appropriate manner. Application of this factor favors a finding of good faith.

   b. *How the debt(s) arose* – The debts in this case arose primarily over a period of time extending back several years. The debts were not the result of misuse of credit or luxury spending; rather, they arose as a result of ordinary living expenses that Debtors became unable to repay. Application of this factor favors a finding of good faith.

   c. *The debtors' motive in filing the petition* – Debtors' motive in filing this case is to apply best efforts to receive a discharge and a fresh start.

   d. *How the debtors' actions affected creditors* – The treatment of creditors are generally described herein. This factor will rarely favor a debtor, because "[f]iling for bankruptcy relief will almost always prejudice one's creditors." Galanis, 334 B.R. at 696.

   e. *Changes in circumstance and ability to complete this case* – The Affidavit attached hereto as Exhibit "1" describes fully the Debtors' changes in circumstances and explain both the legitimate bases for the filing of this case as well as the Debtors' ability to complete this case. Debtors incorporate such explanations herein by this reference. Application of this factor favors a finding of good faith.

WHEREFORE, for the foregoing reasons, MICHAEL WIGGINS AND BERYL MUHAMMAD WIGGINS respectfully request this Honorable Court to enter an Order extending the automatic stay as to all creditors, as to Debtors and their property, and as to the property of the estate for the duration of the instant case, and for such other and further relief as to the Court shall be deemed appropriate.

        Respectfully submitted,

        MICHAEL WIGGINS
        BERYL MUHAMMAD WIGGINS
        By Counsel

/s/ James E. Kane
James E. Kane (VSB# 30081)
KANE & PAPA, P.C.
P. O. Box 508
Richmond, Virginia 23218-0508
Telephone (804) 225-9500
*Counsel for Debtors*

## CERTIFICATE OF SERVICE

I certify that on December 9, 2020, I have transmitted a true copy of the foregoing document electronically through the Court's CM/ECF system or by mail to the Debtor, Chapter 7 trustee, the United States trustee if other than by the electronic means provided for at Local Bankruptcy Rule 2002-1, all attorneys appearing in the previous case as listed below, and to all creditors and parties in interest of the mailing matrix attached hereto.

/s/ James E. Kane
Counsel for Debtors

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
Richmond Division

| | |
|---|---|
| IN RE: ) | |
| ) | |
| MICHAEL WIGGINS ) | Case No. 20−34740−KLP |
| BERYL MUHAMMAD WIGGINS ) | Chapter 7 |
| ) | |
| Debtors ) | |

**AFFIDAVIT OF MICHAEL WIGGINS AND BERYL MUHAMMAD WIGGINS**

BEFORE ME, the undersigned authority, appeared MICHAEL WIGGINS AND BERYL MUHAMMAD WIGGINS, known to me, and upon their oaths, stated as follows:

1.  Our names are MICHAEL WIGGINS AND BERYL MUHAMMAD WIGGINS. We are above the age of 18 years, and competent to make this affidavit.

2.  We have personal knowledge of the facts set forth in this affidavit.

3.  We reside at 1105 Beazley Street, Petersburg, VA 23803.

4.  Mr. Wiggins is a machine operator at International Paper where he has worked for 1 year.  Mrs. Wiggins is a cook at the Dinwiddie Health and Rehab Center where she has worked for 3 years. We are the debtors in the present bankruptcy case.

5.  Within the year prior to filing the instant case, we were debtors in one (1) pending Chapter 13 bankruptcy case (the "previous case").

6.  The previous case was a Chapter 13 bankruptcy case filed on August 3, 2018 and dismissed on or about April 15, 2020 (Case No. 18-33969).  In addition, Mr. Wiggins has been a debtor in a Chapter 7 case filed on October 31, 2011 wherein he received a discharge on February 8, 2012 (Case No. 11-36912).

7. The previous case was dismissed by us via a Motion to Voluntarily Dismiss case as we were delinquent in our payments to the Chapter 13 Trustee and unable to cure the same or to sustain a Chapter 13 Plan payment.

8. We have listed all of our assets and all of our debts and have fully and accurately disclosed all of our income and expenses in the Schedules in this case.

9. After the dismissal of our previous case, we acted as fast as we reasonably could to retain a bankruptcy attorney because we want to use the bankruptcy system to resolve our debts.

10. Our debts arose as a result of ordinary living expenses. The debt we have has accumulated over several years and was not purchases of luxury goods or services.

11. We have also not incurred any unsecured debt due to revolving credit accounts or pay day loans within the 90 days prior to filing the instant case.

12. We desire to use the bankruptcy system to obtain a fresh start and have not been attempting to evade our responsibilities or delay our creditors' attempts to collect.

WITNESS the following signatures and seals on November 17, 2020.

/s/ Michael Wiggins (seal)         /s/ Beryl Muhammad Wiggins   (seal)
Michael Wiggins                             Beryl Muhammad Wiggins

## CERTIFICATE OF ACKNOWLEDGMENT

State of Virginia
City of Richmond; to wit:

The foregoing instrument was acknowledged before me on November 17, 2020 by Michael Wiggins and Beryl Muhammad Wiggins.

/s/ Cristina Marie Diez
Notary Public

My Commission Expires: August 31, 2024
Notary Registration Number: 7691239

```
AES/HEAA
Attn: Bankruptcy
1200 N. 7th Street
Harrisburg, PA 17102


Bridgecrest Credit
7300 E Hampton Ave
Suite 101
Mesa, AZ 85209


Chaplin & Gonet - Mr & Ms King
5211 West Broad Street
Suite 100
Richmond, VA 23230


City of Petersburg
Treasurer's Office
P.O. Box 1271
Petersburg, VA 23804


City of Petersburg Utilities
P.O. Box 1271
Petersburg, VA 23804


Comcast Communications Llc
c/o Waypoint Resource Group
Po Box 1081
San Antonio, TX 78294


Credit Acceptance
25505 West 12 Mile Rd
Suite 3000
Southfield, MI 48034


Direct TV
PO Box 11732
Newark, NJ 07101


Dominion Energy
P O Box 26543
Colonial Heights, VA 23834


Elephant Auto Insurance
c/o Receivable Management Inc
7206 Hull Rd Ste 211
Richmond, VA 23235
```

Patient First
c/o Receivable Management Inc
7206 Hull Rd Ste 211
Richmond, VA 23235


Petersburg Hospital Company LL
Southside Reg Med Ctr
324 S Main St
Emporia, VA 23847


Russel Taylor
14110 Kendal Wood Drive
Upper Marlboro, MD 20772


Shippers Choice of VA
c/o Purnell McKennett
9214 Center St, STE 101
Manassas, VA 20110


Southside Regional Medical
c/o Newsome Law Office
324 S Main St
Emporia, VA 23847


TACS
P O Box 31800
Henrico, VA 23294


Trexis One Insurance
c/o I C System Inc
P.O. Box 64378
St. Paul, MN 55164


Virginia Farm Bureau Fire & Ca
c/o Chaplin & Gonet
4808 Radford Ave.
Richmond, VA 23230